THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Rape.

No. 756.—Decided February 18, 1915.

RAPE—CORROBORATIVE EVIDENCE.—The corroborative evidence need not extend to every element of the crime. It is sufficient if it tend to show some details connecting the defendant with the crime.

ID.—CORROBORATIVE EVIDENCE.—In the present case the victim testified that the accused, the teacher of her school, seized her by the arm, led her into the office of the building and there raped her. In corroboration, a schoolmate of the victim testified that the accused teacher took the prosecutrix to his office and locked the door, and besides there was expert evidence tending to show the rupture of the hymen. *Held:* That the evidence corroborating the testimony of the victim was sufficient in law.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was charged with rape upon a child of less

than fourteen years. He had a jury trial, was found guilty and was sentenced to ten years in the penitentiary at hard labor.

The appellant concedes in his brief that the statements of the prosecutrix tended to prove the information as charged, but he maintains that the evidence of corroboration required by the statute was insufficient. This question was raised in the court below by motion of nonsuit at the close of the evidence for the Government.

The prosecutrix testified in substance that the appellant, teacher of the school, seized her by the arm, took her into the office of the building, and there raped her. Evangelia Vázquez, a school companion, testified that on one of the days of the month of May (the act charged was in May) she accompanied the prosecutrix to school; that the teacher took the prosecutrix to his room and locked the door; that he afterwards came out alone; and that her attention was drawn because the same thing had happened to her. Dr. Brice testified that from an examination of the hymen made on the day of the trial it appeared that the hymen had been ruptured.

The cases of *People* v. *Maldonado*, 17 P. R. R., 22, and *People* v. *de Jesús*, 18 P. R. R., 575, set forth the principle that the corroborative proof need not extend to every element of the crime, but that the corroborative proof must tend to show some details connecting the defendant with the crime. In cases of this nature, generally committed secretly, it is difficult to find strong corroborative proof, nor is great strength of proof required. Here, however, a companion testified that the teacher took the prosecutrix to his office and locked the door, and there was expert proof tending to show the rupture of the hymen. The proof, although not strongly corroborative, is sufficient in law.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.